# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-40977
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES L. MORGAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CR-27-2

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

James L. Morgan appeals his conviction and sentence for possessing, with the intent to distribute, five to less than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as well as his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  Morgan contends: the evidence was insufficient to support his convictions; the district court abused its discretion in giving the jury an *Allen* charge; and the court violated *United States v. Booker*, 543 U.S. 220 (2005), in making its sentencing determination on the drug quantity for his drug-distribution conviction which is greater than that found by the jury in its special verdict form.

Morgan preserved his sufficiency-of-the-evidence challenges by seeking judgment of acquittal following the Government's conclusion of its case, which constituted the close of all the evidence.  *See United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995).  Preserved sufficiency-of-the-evidence challenges are reviewed *de novo* and the verdict upheld if a reasonable trier of fact could have found the evidence established guilt beyond a reasonable doubt.  *See United States v. Alaniz*, 726 F.3d 586, 600–01 (5th Cir. 2013).  Our court "view[s] the evidence in the light most favorable to the prosecution" and defers to factual determinations made by the trier of fact.  *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012).  In short, if any rational juror could have found Morgan guilty, the conviction is affirmed.

For each of his convictions, Morgan challenges only the element of knowing possession.  Each challenge fails.

When viewed in the requisite light most favorable to the Government, the evidence provided a substantial basis for a reasonable juror to determine beyond a reasonable doubt that Morgan acted knowingly in constructively

possessing both the methamphetamine and the firearm hidden in the vehicle he was driving. *See Alaniz*, 726 F.3d at 600–01 (holding court reviews sufficiency-of-the-evidence challenges by examining all evidence "in the light most favorable to the government"); *see also United States v. Mudd*, 685 F.3d 473, 477–78 (5th Cir. 2012) (holding constructive possession may be established by circumstantial evidence); *United States v. Mendoza*, 226 F.3d 340, 345–46 (5th Cir. 2000) (holding constructive possession is proper when inferred by jury from defendant's presence at scene, conflicting stories, or implausible stories).

Morgan's nervousness, conflicting statements, implausible stories, flight from the scene on foot, and the unconcealed heroin and digital scales found on the driver's side of the vehicle he was driving support a finding of Morgan's guilty knowledge regarding the methamphetamine and the firearm hidden in the vehicle. *See Mudd*, 685 F.3d at 477–78 ("Inconsistent statements and implausible explanations are among the behaviors previously recognized in this circuit as circumstantial evidence of guilty knowledge."); *United States v. Templeton*, 624 F.3d 215, 225 (5th Cir. 2010); *Mendoza*, 226 F.3d at 345.

There is likewise no merit to Morgan's preserved claim that circumstances surrounding the *Allen* charge were coercive. *See United States v. Andaverde-Tiñoco*, 741 F.3d 509, 515 (5th Cir. 2013). *Allen* charges are reviewed for abuse of discretion. *Id.* Along that line, our court's inquiry asks "whether: (1) any semantic deviation from approved *Allen*-charge language

was so prejudicial that it requires reversal and (2) the circumstances surrounding the use of the charge were coercive". *Id.*

Considering the totality of the circumstances, the court did not abuse its discretion by urging the jury to continue deliberating in an effort to reach a unanimous verdict. *See United States v. Eghobor*, 812 F.3d 352, 359 (5th Cir. 2015); *Andaverde-Tiñoco*, 741 F.3d at 515, 517–18. Significantly, the *Allen* charge was not given prematurely because, after it was given, the jury was allowed to go home for the night before resuming its deliberations, and there was not an unduly short time lapse between the jury's resumption of deliberations and its decision. *See Eghobor*, 812 F.3d at 359 (describing factors that weigh against finding coercion); *Andaverde-Tiñoco*, 741 F.3d at 515, 517–18.

Finally, Morgan contends that the court violated *Booker* by sentencing him on the drug-distribution count based on a drug quantity that exceeded the jury's determination. He asserts that he can only be sentenced based on the amount for which he was convicted, between five and 50 grams as found by the jury in its special verdict form, and not the alternative greater amount in the form, 78.22 grams, which was not proven beyond a reasonable doubt. Morgan also contends that using the larger amount raises constitutional due-process concerns.

Even after *Booker*, "a district court may sentence . . . defendant on facts not established by either a guilty plea or jury verdict, as long as the conduct for which . . . defendant was [not found liable] has been proven by a preponderance of the evidence." *United States v. Valles*, 484 F.3d 745, 760

(5th Cir. 2007).  The district court may adopt facts in the Pre-Sentence Investigation Report (PSR) if they are proven by a preponderance of the evidence.  *Id.* at 759.  Factual findings during sentencing are reviewed for clear error and reversed only if our court has a "definite and firm conviction that a mistake has been made".  *Id.* at 759.  Thus, our court reviews for clear error the district court's adoption of the PSR and use of its facts.

The court did not violate *Booker* in determining the relevant drug quantity was larger than that found by the jury in its special verdict form.  *See United States v. Jackson*, 596 F.3d 236, 243–44 (5th Cir. 2010) (affirming sentence based in part on amount of methamphetamine greater than amount for which the jury convicted defendant).  Among other bases for there being no error, Morgan's sentence is within the Guidelines sentencing range for the amounts of actual methamphetamine on which he was convicted.  And assuming Morgan preserved the constitutional challenge, it also lacks merit.

AFFIRMED.